# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY HARDEN,**
    **Plaintiff,**

    v.                                Case No. 18-C-1109

**BRUCE E. SCHROEDER and**
**REBECCA MATOSKA-MENTINK,**
    **Defendants.**

## ORDER

Plaintiff Jerry Harden, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his civil rights. This case was originally assigned to U.S. Magistrate Judge William Duffin; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly reassigned to a U.S. district judge for screening of the complaint and resolution of plaintiff's motions.

The Prison Litigation Reform Act applies to this case because plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). On August 10, 2018, Judge Duffin ordered plaintiff to pay an initial partial filing fee of $20.99. Plaintiff paid the fee on September 4, 2018. Accordingly, I will grant plaintiff's motion to proceed without prepayment of the filing fee.

On August 17, 2018, plaintiff filed a motion asking that he be allowed to pay the full filing fee from his release account. Plaintiff highlights that Wisconsin statutes allow prisoners to use funds in their release accounts to pay filing fees. He also explains that he needs the funds in his regular account to pay for litigation costs. While state statutes may authorize prisoners to use release account funds to pay filing fees, there is no similar federal statute. Given the Department of Corrections' rationale for segregating funds into a release account, and absent federal statutory authority compelling courts to allow prisoners to access those funds to pay filing fees, I decline to order that the balance of plaintiff's filing fee be paid from his release account. Plaintiff must pay the remainder of the filing fee over time in the manner described at the end of this order.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824,

827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

I am obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he filed a petition for writ of habeas corpus in the Kenosha County Circuit Court. Although it is not entirely clear, it appears that plaintiff mistakenly wrote his criminal case number (00 CF 75) on his filing, so defendant Rebecca Matoska-Mentink, the Kenosha County Circuit Court Clerk, filed the petition in his criminal case rather than in a separate civil case. Kenosha County Circuit Judge Bruce E. Schroeder denied plaintiff's petition. In denying his petition, Judge Schroeder explained that, because plaintiff had "incorrectly filed this petition in the criminal court file, 00 CF 75, this order and his application will be kept in the criminal court file for reference purposes." Docket No. 1-3 at 3.

Given his request for money damages, plaintiff does not appear to be challenging Judge Schroeder's denial of his petition in his complaint. If he were, I would lack jurisdiction over such a claim. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (holding that district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Instead, he seems to be challenging Matoska-Mentink's alleged error in failing to open a civil case, arguing that her error (and Judge Schroeder's failure to fix that error) was a restraint on his liberty and denied him access to the courts.

3

Plaintiff does not state a due process claim because has no constitutional right to insist that Matoska-Mentink adhere to Kenosha County's case filing procedures. *See Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982) ("a state created procedural right is not itself a liberty interest within the meaning of the Fourteenth Amendment") (citations omitted). He also does not state an access-to-the-courts claim. To do so, he must allege that he suffered an actual injury and that the defendant's alleged misconduct prejudiced him in litigation. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

Plaintiff has suffered no injury or prejudice. Judge Schroeder considered plaintiff's petition despite it being filed in plaintiff's criminal case rather than in a civil case. Plaintiff pleads no facts to suggest that Judge Schroeder lacked jurisdiction to consider the petition. Nor do his allegations suggest that his petition would have been granted had a civil case been opened. Further, plaintiff has already challenged Judge Schroeder's denial in a motion for reconsideration, and I cannot conclude from his allegations that anything prevents him from appealing Judge Schroeder's denial should he choose to do so, thereby undercutting his assertion that he cannot access the courts. Accordingly, plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff motion to pay the full filing fee with funds in his release account (Docket No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $329.01 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment

under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 27th day of September, 2018.

                                         s/Lynn Adelman
                                         Lynn Adelman
                                         United States District Judge